## P. H. GARY v. E. D. BURGUIERES.

12 227
47 1468

No privilege, as to third persons, exists in favor of the vendor of an engine and gearing for a sugar mill, if he permits it te be attached to a plantation, without having enregistered the contract of sale.

APPEAL from the District Court of Terrebonne, *Cole*, J.

*Beatty & Bush*, for plaintiff. *Connolly & Rightor*, for defendant and appellant.

MERRICK, C. J. The plaintiff sold to the defendant an engine and gearing for a sugar mill.

This engine and machinery was attached to a plantation which the defendant had bought from *A. J. J. Burrus*. *Burrus* obtained an order of seizure and sale on his mortgage and vendor's privilege, for the price of the plantation, which still remained unpaid.

Before the sale under the order of seizure and sale, the plaintiff filed his suit against the defendant and *Burrus*, in the nature of a third opposition, to prevent the sale of the engine and gearing confusedly with the plantation, and praying that his vendor's privilege on the engine, etc., be recognized.

A separate appraisement was made of the land and engine. The Judge of the lower court recognized the plaintiff's privilege upon the engine, and ordered *Burrus*, who had become the purchaser of the property at the Sheriff's sale, to pay the plaintiff the balance of the price due him *Burrus* appealed.

The appellant contends, among other things, that the engine and machinery, having been attached to the plantation, became a part thereof, and was subject to the mortgage and privilege of *Burrus*, and that if plaintiff ever had any privilege as vendor of the engine, it was lost for want of registry.

The plaintiff contends that as he did not suffer the property to be sold confusedly with the plantation, he has preserved his privilege in virtue of Articles Nos. 3194, 3195, 3198 and 3235 of the Civil Code. He also cites Troplong on Privilege and Mortgage, No. 113.

We think that the engine and gearing, after having been attached to the plantation with the presumed consent of the vendor, must be considered as forming a part of the immovable itself. C. C. 455, 460.

After being so attached, its nature, it is true, was not changed so that it was less an engine and machinery than before. But as it could not be used on any plantation without being necessarily attached to the soil, when so attached it became as much a part thereof as the doors, shutters and blinds become a part of the immovable to which the house is attached, of which they form a part. The engine and machinery could not be removed to another plantation without breaking up the masonry and taking the engine and machinery in pieces. It could not be put in successful operation without being again reset in brick and mortar, and again attached to an immovable.

The passage cited from Troplong applies to such movables as are attached to the plantation only by a fiction of law: such as the animals which are employed upon a plantation, the farming utensils, wagons, &c. These movables, which can be used in one place as well as another, Troplong thinks do not so become a part of the immovable, to which they are only intellectually attached, as to

GARY
*v.*
BURGUIRES.

defeat the vendor's privilege. As to him, they are as much movables as they were when he sold them.

The engine and machinery having become a part of the immovable sold, and the contract being for a sum over $500, the privilege could only be preserved by a registry of the contract, in conformity to Article No. 3239 of the Civil Code.

For the want of such registry, the mortgage and vendor's privilege of *Burrus* attached to the entire plantation, although increased in value by the accession of the machinery and engine, and he is entitled to the proceeds of sale, notwithstanding the appraisement made at the instance of the plaintiff.

Therefore, the judgment of the lower court must be reversed.

It is ordered, adjudged and decreed by the court, that the judgment of the lower court appealed from be avoided and reversed, and now, proceeding to render such judgment as should have been rendered by the lower court, it is ordered, adjudged and decreed, that there be judgment against the demand of the plaintiff and in favor of the said *A. J. J. Burrus*, and that the plaintiff pay the costs of both courts.