On Rehearing.
BREAUX, C. J.
Plaintiff, Hearne, owner of lot No. 9 of thq Croom subdivision of the town of Mooringsport, sued out an injunction to restrain the Victoria Lumber Company from seizing the above-mentioned lot and the improvements thereon. He claims to own the lot and dwelling thereon by purchase from W. H. E. Croom in July, 1907, from which date his possession begun.
In the deed of sale of lot No. 9, under which Croom holds, no mention is made of the improvements conveyed with the lot.
Plaintiff alleged substantially in his petition for an injunction that if the Victoria Lumber Company, Limited, has a privilege on the dwelling on lot No. 9, it does not affect his title as to third persons as it was not properly registered; that the property, if sold at all, should not be sold separate and apart from the lot on which it was constructed. These are the only grounds.
It appears that the Victoria Lumber Company obtained a judgment against Munday, who bought lumber from the Victoria Lumber Company to build a house- on lot No. 9. The claim for this lumber, defendant contends, was secured by privilege. This claim, however, was recorded only against Munday. That was before the sale by Croom to Hearne. Croom was always the owner. Munday constructed the house on the lot with the consent of Croom.
As to this judgment - Hearne alleges that the proceedings of the Victoria Lumber Company are null and void because this judgment was rendered against a nonresident and without -authorizing the seizure of any property; that the court was without jurisdiction and without right to render the judgment. The ground of nullity on account of the alleged illegal service is abandoned.
The defendant alleged in answer to plaintiff’s demand that it obtained a judgment against F. L. Munday with recognition of its lien for the lumber sold; that it was recorded prior to the sale of the lot by Croom to Hearne; that Hearne knew all about the lien before he became the owner of the lot; that the house thereon did not belong to Croom, I-Iearne’s vendor.
The judge of the district court rendered judgment recognizing the Victoria Lumber Company’s right to seize and sell the property, including the house, the latter to be sold separate and apart from the lot, but in the end the judgment limited the right to sell the house without the lot.
An appeal was taken by plaintiff to the Circuit Court of Appeal. That court did not reverse, but, on the contrary, affirmed, the judgment of the district court. Hearne then filed his application for a writ of certiorari.
In answer to the application respondent gave reasons why it should not be made perpetual by this court.
[2] Relator has not asked for an amendment of the judgment.
The first question we will discuss is whether the improvements owned by Munday at the date of the sale affixed to the realty passed with the sale of the lot, which was sold without any mention of improvements *651 thereon. None the less the sale of lot No. 9 included the improvements that had been constructed thereon. With the transfer of the land, the transfer of the improvements followed under the articles 464 and 506 of the Civil Code. The first article reads:
“Lands and buildings or other constructions affixed to the soil are immovable and form one property.”
The courts have repeatedly declared the owner is the owner of the building as between him and third persons. Article 498 of the Civil Code.
The owner has the right to keep them or compel their removal. Civil Code, art. 508; Gary v. Burguieres, 12 La. Ann. 227.
The land and improvements passed to plaintiff, Hearne, burdened with whatever lien there was on it. Those who have supplied the owner with material have a privilege if the forms of law are followed. They also have a privilege against the lessee, only, however, against the lease, and this does not affect the owner. Civil Code, art. 3249.
Another article (3272): Those who have supplied the owner or other person employed by the owner with material have a privilege, which they must have recorded.
While Munday was not the owner, he was in possession with the consent of the owner to a sufficient extent to enable him to erect the building on which defendant claims a privilege. He was_ to that extent a tenant at will.
A privilege can be placed of record against a lessee. It affects the right he had on the property. Croom could not acquire the property at the expense of Munday who constructed the house with his consent. Hearne, the plaintiff, knew that a privilege was claimed by the Victoria Lumber Company.
The pleadings do not raise the issue as to how the property should be proceeded against to collect the amount secured by the privilege. The whole question is privilege vel non.
We think that there was a privilege on the property as Munday, to say the least, was a tenant by sufferance, and for that reason we will not reverse the judgments of the district court and of the Court of Appeal.
It is therefore ordered, adjudged, and decreed that the writ nisi which issued in this case be recalled and discharged; that relator’s demand is denied, and his petition dismissed.